**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

RM DEAN FARMS, a General Partnership                                               PLAINTIFF

v.                                      No. 2:11CV00105 JLH

HELENA CHEMICAL COMPANY                                                          DEFENDANT

## ORDER

RM Dean Farms has served on Helena Chemical Company a notice that it will take a 30(b)(6) deposition of Helena Chemical Company's corporate representative on January 24, 2012. Helena Chemical Company has filed a motion for protective order, contending that the topics identified in the 30(b)(6) notice are so broad that compliance with the notice would be impossible. Helena Chemical Company therefore has moved to strike the notice, except for certain topics compliance with which is feasible.

The 30(b)(6) notice requires Helena Chemical Company to designate a representative to testify on 70 topics. Many of the topics are expansive inasmuch as they say that the testimony would include but not be limited to items listed. Some of the topics cover historical information without any time limit. Other topics would cover corporate information without respect to any geographical limit. Some of the topics use the term "and/or." As the Supreme Court of Arkansas has explained:

> The phrase has been so soundly criticized as to have been driven almost entirely from current usage. At best it has been labeled "equivocal," "obscure" and "meaningless," at worst "slovenly," "improper" and "a linguistic abomination." . . . It has no place in modern practice, least of all in discovery interrogatories.

*Boren v. Qualls*, 284 Ark. 65, 68, 680 S.W.2d 82, 83 (1984). *See also Kennedy v. Papp*, 294 Ark. 88, 92, 741 S.W.2d 625, 628 (1987); *Retro Television Network v. Luken Communications, LLC*, No. 4:11CV00489, 2012 WL 28689, *4 n.7 (E.D. Ark. Jan. 5, 2012). After listing the 70 topics, the

notice says, "The topics set out above . . . are only the minimum in which the corporate designee must testify, not the maximum."

Rule 30(b)(6) provides that the notice "must describe with reasonable particularity the matters for examination." The notice here fails to comply with that requirement. The District of Kansas has explained:

> Although plaintiff has specifically listed the areas of inquiry for which a 30(b)(6) designation is sought, she has indicated that the listed areas are not exclusive. Plaintiff broadens the scope of the designated topics by indicating that the areas of inquiry "will includ[e], but not [be] limited to" the areas specifically enumerated. An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task. To avoid liability, the noticed party must designate persons knowledgeable in the areas of inquiry listed in the notice. . . . Where, as here, the defendant cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible.

*Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000).

The 30(b)(6) notice would require Helena Chemical Company to produce a corporate representative or corporate representatives to testify on topics so vast in number, so vast in scope, so open ended, and so vague that compliance with the notice would be impossible.[1]

Helena Chemical Company also objects to document requests included in the 30(b)(6) notice in part because those document requests seek production within less than 30 days. Rule 30(b)(2) provides, in pertinent part, "The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." Rule 34, in turn, provides that the party to whom a document request is directed "must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). Thus, a party has 30 days within which to respond to a document request, even if the request is included in a notice of deposition, unless the time is

---

[1] Helena Chemical Company characterizes the notice as "the granddaddy of all 30(b)(6) notices," a gratuitous and unwarranted slur on grandfathers everywhere.

shortened by stipulation or court order. *Orleman v. JumpKing, Inc.*, No. Civ. A.99-2522-CM, 2000 WL 1114849, *9 (D. Kan. July 11, 2000).

## CONCLUSION

For the reasons stated, Helena Chemical Company's motion for protective order is GRANTED. Document #34. The 30(b)(6) notice of RM Dean Farms is stricken, except for topics 2, 6, 43, 52, 59, 63, 69, and 70. The motion for attorneys' fees is denied.

IT IS SO ORDERED this 19th day of January, 2012.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE