**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

RM DEAN FARMS, a General Partnership                                                                          PLAINTIFF

v.                                             Case No. 2:11CV00105 JLH

HELENA CHEMICAL COMPANY                                                                                        DEFENDANT

**OPINION AND ORDER**

RM Dean Farms ("Dean") brings this action against Helena Chemical Company alleging breach of contract, fraud, interference with contractual relationship or business expectancy, and violation of the Arkansas Deceptive Trade Practices Act. Dean purchased 480 bushels of certified Clearfield 111 rice seed and 216 cwt of Cruiser Rice Seed Treatment from Helena Chemical Company. Dean alleges that the seed was planted in 240 acres but did not produce a stand of rice, which resulted in substantial financial loss. Dean contends that the seed was worthless. Dean alleges that either Helena Chemical Company did not treat the rice seed, the treatment was applied improperly, or the rice was so old and in such bad condition that it should not have been treated.

Helena Chemical Company has moved for partial summary judgment, seeking dismissal of RM Dean Farms' Arkansas Deceptive Trade Practices Act claim. The motion will be granted.

The Arkansas Deceptive Trade Practices Act does not apply to "[a]ctions or transactions permitted under laws administered by the Insurance Commissioner, the Securities Commissioner, the State Highway Commission, or Bank Commissioner, or other regulatory body or officer acting under statutory authority of this state or the United States[.]" Ark. Code Ann. § 4-88-101(3) (Repl. 2011). The Arkansas State Plant Board is a regulatory body the powers and duties of which include the following: "For the purpose of preventing fraud and misrepresentation, the board shall make rules and regulations governing the transportation, distribution, or sale of . . . seeds intended for planting."

Ark. Code Ann. § 2-16-207(c)(2) (Repl. 2008). A different chapter of the Arkansas code directs the Plant Board to "promulgate all rules and regulations necessary to carry into effect the purpose of this chapter, which is to provide supplies of high-grade seed, true to name and free from disease, for planting purposes." Ark. Code Ann. § 2-18-104(1) (Repl. 2008). The Plant Board is also empowered to establish rules and regulations concerning the sale, distribution, or application of pesticides in Arkansas.[1] Ark. Code Ann. §§ 2-16-406, 20-20-206 (Repl. 2008). The Plant Board has promulgated extensive regulations on the sale of agricultural seed for planting in Arkansas. Those regulations require any person who sells agricultural seed for planting in Arkansas to be licensed by the Plant Board. Helena Chemical Company is licensed by the Plant Board to sell planting seed.[2] Thus, the transaction at issue—the sale of rice seed by a licensed seed dealer—is permitted by the Plant Board.[3]

---

[1] The Plant Board's pesticide regulations are cursory and do little more than incorporate by reference relevant portions of the regulations adopted by the Environmental Protection Agency pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136 *et seq*.

[2] Dean contends that the copy of the Plant Board regulations and the copies of the Helena Chemical Company licenses attached to the motion for partial summary judgment are not authenticated and therefore should be disregarded. The Plant Board has published the regulations and makes them available on its website (http://plantboard.Arkansas.gov). The Plant Board also maintains a list of licensed seed dealers, and that list is made available on the same website under the title "Dealer Directory." That the Plant Board has promulgated regulations on the sale of planting seed in Arkansas and that Helena Chemical Company is a licensed dealer with license No. R-321 are facts that are not subject to reasonable dispute inasmuch as they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. The Court therefore takes judicial notice of those facts pursuant to Rule 201(b) of the Federal Rules of Evidence.

[3] The pesticide at issue is also regulated by the Environmental Protection Agency and labeled pursuant to EPA regulations. *See* 7 U.S.C. § 136 *et seq*.; 40 C.F.R. Parts 150-189. As will be explained, because the transactions at issue are regulated by the Arkansas State Plant Board and in part by the EPA, the Arkansas Deceptive Trade Practices Act does not apply to them.

Dean contends, however, that subsection 4-88-101(3) does not exclude the transactions at issue from the Arkansas Deceptive Trade Practices Act because Helena Chemical Company's misrepresentation of the quality of the seed and its subsequent sale of untreated or improperly treated seed were not approved or permitted by the Plant Board. This Court has previously rejected a similar argument and has held that subsection 4-88-101(3) excludes any transaction that is governed by the laws administered by a regulatory authority, regardless of whether the transaction violates the relevant regulations. *Williams v. State Farm Mut. Auto. Ins. Co.*, No. 5:10CV00032, 2010 WL 2573196, at *4 (E.D. Ark. June 22, 2010) ("If the Court were to follow the plaintiffs' argument to its logical conclusion, the ADTPA would apply to any action or transaction alleged to be unlawful, which would render the exceptions listed in section 4-88-101 meaningless and would doubtless run afoul of the statutory scheme created by the Arkansas General Assembly."); *see also Kirby v. United Am. Ins. Co.*, No. 4:08CV00338, 2010 WL 961723, at *1 (E.D. Ark. Mar. 15, 2010); *Jones v. Unum Life Ins. Co. of Am.*, No. 4:06CV00547, 2006 WL 3462130, at *3 (E.D. Ark. Nov. 29, 2006); *Robertson v. White*, 633 F. Supp. 954, 978 (W.D. Ark. 1986).

Dean argues that these cases are distinguishable because they involved the sale of insurance. As part of the reasoning in *Williams*, the Court noted that the Arkansas Insurance Code contains its own trade practices act that expressly states that it does not create a private cause of action, *see* Ark. Code Ann. § 23-66-202(b) (Repl. 2001). Consequently, in the context of an insurance sale, interpreting the Arkansas Deceptive Trade Practices Act to allow a private right of action would contradict the Arkansas General Assembly's express intent in passing the Insurance Trade Practices Act. Dean argues that no similar concern exists in this case because the Arkansas statutes pertaining to the Plant Board's authority do not include a trade practices act that disallows private suits. Dean's

argument fails because there is nothing in the language of subsection 4-88-101(3) that would make it reasonable to interpret that subsection as excluding insurance transactions from the purview of the Act, regardless of whether they are permissible under the insurance regulations, while interpreting the same language to exclude from the Act transactions governed by other regulatory authorities *only* where the conduct does not violate that authority's regulations. The exception is a general one; it cannot reasonably be construed to treat insurance transactions differently from other regulated transactions.

As in the insurance context, Dean's argument would render the exceptions in section 4-88-101(3) meaningless. No regulatory body permits deceptive and unconscionable trade practices such as those prohibited by the Arkansas Deceptive Trade Practices Act. *See* Ark. Code Ann. § 4-88-107. Because no regulatory body permits deceptive and unconscionable trade practices, on Dean's argument, no conduct that violated the Arkansas Deceptive Trade Practices Act would ever fall within the exception provided in section 4-88-101(3), which would mean that that provision is meaningless. In the context of this case, the only reasonable construction of section 4-88-101(3) is that, because the Plant Board permits Helena Chemical Company to sell rice seed, those sales are excluded from the Arkansas Deceptive Trade Practices Act. To say that the sale of agricultural seed and pesticides by a dealer licensed by the Plant Board is excluded from the Arkansas Deceptive Trade Practices Act unless the sale is accomplished by a misrepresentation—which is what Dean's argument comes to—would be to read section 4-88-101(3) out of the Code.

For the foregoing reasons, Helena Chemical Company's motion for partial summary judgment on RM Dean Farms' claim under the Arkansas Deceptive Trade Practices Act (Count II) is GRANTED. Document #21.

IT IS SO ORDERED this 15th day of March, 2012.

                                              _____
                                              J. LEON HOLMES
                                              UNITED STATES DISTRICT COURT