**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

RM DEAN FARMS, a General Partnership                                        PLAINTIFF

v.                            No. 2:11CV00105 JLH

                                                                                            DEFENDANT/
HELENA CHEMICAL COMPANY                                      THIRD-PARTY PLAINTIFF

v.

KURT NELSON CATLETT and
WAYNE BASS                                                       THIRD-PARTY DEFENDANTS

**ORDER**

Helena Chemical Company has filed a motion for a protective order and to quash a subpoena issued to Dr. Don Harlan, a non-testifying expert who was engaged as a consultant in this matter. Helena Chemical Company relies upon Rule 26(b)(4)(D)(ii) of the Federal Rules of Civil Procedure, which provides that a party may discover facts known or opinions held by a consulting expert who is not expected to be called as a witness at trial only upon "showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means."

RM Dean Farms argues that, notwithstanding Rule 26(b)(4)(D)(ii), it may discover facts known and opinions held by Harlan because Helena Chemical Company waived the protection of that rule when it voluntarily disclosed Harlan's identity. That argument is based on a decision of the Arkansas Court of Appeals in *Acker Construction, LLC v. Tran*, 2012 Ark. App. 214, --- S.W.3d ---, (Mar. 14, 2012). In that case, Acker Construction appealed a verdict in favor of Tran for defective construction of seven chicken houses. Acker Construction argued that the trial court erred by allowing Tran to call Clinton Holland as a witness at trial. Holland was engaged by Acker

Construction as a consulting expert. Holland and Acker Construction's lawyer met with Tran and examined the chicken houses in Tran's presence. Holland then gave an estimate of the cost of repairs. Later, Acker Construction notified Tran that it had decided not to call Holland as a witness at trial. Over Acker Construction's objection, Tran then subpoenaed Holland to testify at trial.

Noting that the standard of review was whether the trial court abused its discretion, the court of appeals first held that Rule 26, which is a rule of discovery, did not apply because Acker Construction voluntarily disclosed Holland to Tran and brought Holland to inspect Tran's chicken houses in Tran's presence. *Id*. at *6. According to the court of appeals, Acker Construction also voluntarily disclosed that Holland was an expert in the subject and had an opinion about the repairs based upon his personal inspection, which "amounted to a waiver of any possible privilege under this discovery rule." *Id*. The court of appeals then held:

> Even if Rule 26(b)(4)(B)(ii) had applied, appellee's use of Holland as an expert was within the exception to that rule, which permits discovery upon a showing of exceptional circumstances under which it is impractical for the party seeking discovery to obtain facts or opinions on the same subject by other means. Appellee's attorney informed the trial court that he was unable to obtain another expert to testify about the repairs. Appellee testified that he had called at least ten different contractors that built chicken houses to give him an estimate of the cost of repairs and that they had all turned him down after he told them about appellant's involvement. Additionally, the trial court made sure that the jury was not informed that appellant had procured Holland's opinion as a consulting witness and had chosen not to call him as a witness. *See Ark. State Highway Comm'n v. Johnson*, 300 Ark. 454, 780 S.W.2d 326 (1989). The trial court did not abuse its discretion in this ruling, and we affirm on this issue.

*Id*. at 7.

While there are similarities between this case and *Acker Construction*, there are also notable differences. Unlike the parties in *Acker Construction*, RM Dean Farms and Helena Chemical Company entered into an agreement as to what Helena Chemical Company would disclose with

2

respect to Harlan's work.  That agreement, according to a letter drafted by RM Dean Farms' lawyer, stated that Helena Chemical Company "will agree to give me the results of any test [Harlan] conducts on the rice, provide me copies of any pictures taken, and any reports generated, etc., from the inspection."  Thus, the agreement was for documents generated by Harlan—test results, pictures, copies of reports, and the like.[1]  The letter does not state that Helena Chemical Company agreed to make Harlan available for a deposition, nor does it state that Helena Chemical Company waived its protection under Rule 26(b)(4)(D)(ii) beyond the extent stated in the letter drafted by the lawyer for RM Dean Farms.  Notably, this Court has a local rule stating that it "will not recognize any agreement between counsel, if counsel differ as to its terms, unless the agreement has been reduced to writing."  *See* Local Rule 7.4.  Because the parties' agreement was reduced to writing by a lawyer for RM Dean Farms and does not include an agreement that Harlan would testify in a deposition or otherwise, the Court cannot conclude that Helena Chemical Company intentionally waived its right to rely on Rule 26(b)(4)(D)(ii) to prevent RM Dean Farms from deposing Harlan or calling him to testify.

Most significantly, in *Acker Construction* the plaintiff presented evidence that he was unable to locate an expert other than the consulting expert engaged by Acker Construction to testify.  Here, in contrast, RM Dean Farms does not argue that there are exceptional circumstances under which it is impracticable for it to obtain facts or opinions on the same subject by other means.

---

[1] Helena Chemical Company states that the only documents generated by Harlan are photographs, which have been provided to RM Dean Farms.  RM Dean Farms has not disputed that claim.

For these reasons, the motion for protective order and to quash subpoena is GRANTED. Document #88.

IT IS SO ORDERED this 28th day of August, 2012.

*J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE